JS6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No. 8:24-CV-01328-DOC-DFMxDate: June 24, 2024

Title: MICHAEL R. DROBOT ET AL V. JERRY R. SPARKS ET AL

PRESENT:

### THE HONORABLE DAVID O. CARTER, JUDGE

| Karlen Dubon | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
|---|---|
| None Present | None Present |

**PROCEEDINGS (IN CHAMBERS):** ORDER SUA SPONTE REMANDING CASE TO STATE COURT

The Court, on its own motion, **REMANDS** this case to Orange County Superior Court.

## I. Background

### A. Factual Background

Michael R. Drabot ("Burton"), National Laboratory Services, LLC ("NLS"), and Rona Reyes ("Reyes") (collectively "Plaintiffs") brought this lawsuit alleging that that Jerry R. Sparks ("Sparks" or "Defendant") committed legal malpractice while serving as NLS's general counsel. Complaint (Dkt. 1-1) ¶¶ 17-19, 23, 51.

### B. Procedural Background

Plaintiffs filed the complaint in Orange County Superior Court on April 17, 2024, against Defendant alleging legal malpractice, fraudulent concealment, breach of fiduciary

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 8:24-CV-01328-DOC-DFMx                                      Date: June 24, 2024

Page 2

duty, negligent interference with prospective economic advantage, and unfair business practices. Complaint. Plaintiffs allege Defendant's legal services were below the standard of care amounting to malpractice, and as a result, Plaintiffs have suffered millions in damages. *Id.* ¶¶ 18-19. Defendant removed the case to this Court on June 14, 2024, asserting that this Court has diversity jurisdiction. Notice of Removal ("Removal") (Dkt. 1). The Court disagrees.

## II.     Legal Standard

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Removal of a case from state court to federal court is governed by 28 U.S.C. § 1441, which provides in relevant part that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed . . . to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441. This statute "is strictly construed *against* removal jurisdiction," and the party seeking removal "bears the burden of establishing federal jurisdiction." *Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1393 (9th Cir. 1988) (emphasis added) (citations omitted). Courts may insist that jurisdictional facts be established by a preponderance of evidence. *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936); *Gaus v. Miles, Inc.*, 980 F.2d 564, 567 (9th Cir. 1992).

Federal diversity jurisdiction requires that the parties be citizens of different states and that the amount in controversy exceed $75,000. 28 U.S.C. § 1332(a). For diversity jurisdiction purposes, a limited liability company is a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where its members are citizens. *See Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). The presence of any single plaintiff from the same state as any single defendant destroys "complete diversity" and strips the federal courts of original jurisdiction over the matter. *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553 (2005).

## III.    Discussion

Plaintiffs Burton and Reyes were residents of California at the time the complaint was filed. Complaint ¶¶ 1, 3. Plaintiff NLS was a California limited liability company which was dissolved December 21, 2018. *Id.* ¶ 2. According to the Complaint, Defendant

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 8:24-CV-01328-DOC-DFMx　　　　　　　　　　　　　　　Date: June 24, 2024

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Page 3

Sparks, like Plaintiffs, was a citizen of California at the time the Complaint was filed. *Id.* ¶ 5.

Defendant argues that this case should be removed under diversity jurisdiction because Defendant is a citizen of Tennessee, rather than California. Removal ¶ 5(d). Defendant also inaccurately refers to the Complaint and states that it alleges that Plaintiff Burton is a citizen of California, where in fact the Complaint alleges that Burton is *resident* of California. *Id.* ¶ 5(a).

Defendant has not carried its burden to show that removal is proper. First, the available record does not establish that Defendant is definitively a citizen of Tennessee at the time the Complaint was filed. Plaintiffs offer facts in the Complaint alleging that Defendant was a member of the California state bar and did business from his offices in Costa Mesa. Complaint ¶ 5. Defendant does not present any facts that support their jurisdictional assertions or rebut Plaintiffs' factual assertions regarding Defendant's citizenship. The Removal's lack of factual support combined with the Plaintiff's contrary evidence, do not show by the preponderance of the evidence that Defendant is a citizen of Tennessee. Any doubts as to removability should be resolved in favor of remanding the case to state court. *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003). Here, Defendants have not carried their burden and there is doubt as to whether Defendant is a citizen of Tennessee or California. Therefore, this should be resolved in favor of remanding to state court.

Second, neither the Complaint nor Removal adequately alleges the citizenship of the Plaintiff Burton. The Ninth Circuit has not adopted the presumption that residency is prima facie proof of citizenship. Neither the Complaint nor Removal have pointed to anything beyond Plaintiff Burton's residency in California. Therefore, the Court does not have the facts necessary to determine Plaintiff Burton's citizenship at this time.

With both Plaintiff Burton and Defendant Sparks' citizenship in question, the Court is unable to determine whether diversity jurisdiction exists in this matter.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 8:24-CV-01328-DOC-DFMx                              Date: June 24, 2024

                                                             Page 4

### IV.    Disposition

For the foregoing reasons, the Court **REMANDS** this action to the California state court. Accordingly, the Court hereby orders all proceedings in the case vacated and taken off calendar.

The Clerk shall serve this minute order on the parties.

MINUTES FORM 11                                    Initials of Deputy Clerk: kdu

CIVIL-GEN